In re FARGO BILTMORE MOTOR HOTEL CORPORATION, Debtor.

FARGO BILTMORE MOTOR HOTEL CORPORATION, Plaintiff,

v.

METROPOLITAN FEDERAL BANK, a/k/a Metropolitan Federal Savings and Loan Association, Defendant.

Bankruptcy No. 84–05560.
Adv. No. 84–7157.

United States Bankruptcy Court, D. North Dakota.

Dec. 14, 1984.

David T. DeMars, Fargo, N.D., for plaintiff.

Robert L. Stroup, II, Fargo, N.D., for defendant.

## MEMORANDUM AND ORDER

WILLIAM A. HILL, Bankruptcy Judge.

The Debtor, Fargo Biltmore Motor Hotel Corporation, filed a Complaint with the Court on December 7, 1984, requesting avoidance of a judgment of foreclosure pursuant to section 548 of the Bankruptcy Code. The Debtor cites as an additional basis for relief Chapter 13–02 of the North Dakota Century Code which is made applicable to bankruptcy proceedings through section 544 of the Bankruptcy Code. The remedy available to the Debtor once the allegations of the Complaint are proven is to recover "for the benefit of the estate, the property transfered, or, if the court so orders, the value of such property." 11 U.S.C. § 550. The Debtor filed with the Court on December 7, 1984, a separate Motion For Temporary Restraining Order and Permanent Injunction. The Debtor seeks an injunction to prohibit the Defendant from disposing of the subject property so as to preserve the property for the estate in the event the Debtor is entitled to the relief afforded under section 550 of the Bankruptcy Code. The Defendant, Metropolitan Federal Bank, filed with the Court on December 12, 1984, a Motion resisting the imposition of an injunction and requesting dismissal of the Temporary Restraining Order and Complaint.

The dispute between the parties in this instance centers around a parcel of real estate situated in the City of Fargo, Cass County, North Dakota, described, as follows:

> The West 37 feet of Lot 1 and all of Lot 2, Porritt's Subdivision of part of the N ½ of Section 10, Township 139, Range 49, Cass County, North Dakota, according to the certified plat thereof.
> Also known as: 3700 Main Avenue, Fargo, ND.

Metropolitan obtained on September 13, 1983, a judgment in the District Court of Cass County, North Dakota, for foreclosure of the real estate. There is no contention that the mortgage held by Metropolitan was unenforceable or that the judgment of foreclosure was procured in any wrongful manner. The real estate was sold to Metropolitan by the Sheriff of Cass County, North Dakota, on November 10, 1983, for the sum of $643,161.36. The Debtor contends that the sum for which the property was purchased reflects the alleged unpaid obligation for which the mortgage was given as collateral and does not approximate the true value of the real estate at the time of the foreclosure sale. An appraisal of the property dated May 27, 1983, reflects that the real estate would have a market value of $2,173,000.00 if sold through a contract for deed. An asset purchase agreement dated May 27, 1983, reflects that liens against the real estate amounted to approximately $1,295,000.00 at that time. The Debtor filed for relief under Chapter 11 of the Bankruptcy Code on November 8, 1984. The Debtor estimates that by reason of the filing of the bankruptcy proceeding and pursuant to 11 U.S.C. § 108, the period for redemption of the real estate will not expire until January 7, 1985.

## DISCUSSION

The Eighth Circuit Court of Appeals has clarified the standards for issuance of an injunction stating, as follows:

> Whether a preliminary injunction should issue involves consideration of (1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other party's litigant; (3) the probability the movant will succeed on the merits; and (4) the public interest.

*Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109, 113 (8th Cir.1981). While Metropolitan does not concede that the Debtor has proven it is entitled to relief under the *Dataphase* standards, it initially argues that this Court wholly lacks the power to enter an injunction in this instance. The court in *Johnson v. First National Bank of Montevideo, Minnesota,* 719 F.2d 270, 274 (8th Cir.1983), stated "that § 105(a) may not be invoked to toll or suspend the running of a statutory period

of redemption absent fraud, mistake, accident, or erroneous conduct on the part of the foreclosing officer." The limitation upon the bankruptcy courts' exercise of powers under section 105 of the Bankruptcy Code does not apply where there exists fraud. Metropolitan argues, however, that the fraud noted by the court in *Johnson* does not include claims for relief based upon fraudulent conveyance statutes similar to those relied upon by Biltmore in its Complaint. The Court believes a measure of relief may be afforded Biltmore without a conflict with the prohibition set out in *Johnson.*

■ It has been noted that a debtor retains an interest in real estate at the time of its sale, *and* at least until expiration of the redemption period. *See In re Hulm,* 738 F.2d 323, 326 (8th Cir.1984). Issuance of a sheriff's deed terminates the debtor's interest in the property. *Id.* It might be argued, therefore, that this Court must toll or extend the redemption period in order to allow Biltmore to retain an interest in the property until resolution of the pending dispute. To the contrary, the Court recognizes that Biltmore retains by reason of its section 548 action an interest in the property independent from any right to redeem the property. In the event that the debtor is successful with its section 548 action, the Court may, if appropriate, set aside the foreclosure sale and allow Biltmore to recover the property from Metropolitan. Under section 550 of the Bankruptcy Code, property may be recovered if it is still in the hands of the transferee, notwithstanding the fact that a redemption period had lapsed. Accordingly, it would not be necessary for a court to toll the running of a redemption period simply to provide a debtor with the means to recover the subject real estate. The court must only insure that the transferee does not transfer the property to innocent third parties. *See* 11 U.S.C. § 550(b). The asserted interest of Biltmore to be protected in this instance is the interest in the property that it had at the time of the foreclosure sale, not simply its present redemption interest.

■ While the Court may have the power to enjoin conduct of Metropolitan, as against the running of the statutory redemption period, the injunction will not be issued unless the Debtor has offered proof sufficient to meet the *Dataphase* standards. The Debtor must first show that there is a threat of irreparable harm to the movant's interest. Biltmore seeks, as trustee of the bankruptcy estate, a recovery of the business premises through its section 548 action so as to retain the means for an effective reorganization. *See In re Witkowski,* 41 B.R. 723 (Bankr.D.N.D.1984) (dismissal of bankruptcy proceeding warranted when debtor no longer has instrumentalities to effect a reorganization). If Metropolitan transfers the subject property, Biltmore may be unable to recover the property under section 550 of the Bankruptcy Code, even if it succeeds on the merits of its Complaint. While the Court may under 11 U.S.C. § 550 alternatively award Biltmore the value of its interest in the property, the real estate itself is in this instance necessary if the reorganization of the business is to succeed. Since the Debtor's very existence depends upon recovery of the property, the Court finds a sufficient showing that there is a threat of irreparable harm to the movant.

■ Biltmore must further show that it will suffer a greater harm without the injunction than any harm the Defendant might suffer with the granting of the injunctive relief. Metropolitan contends that a prohibition on its transfer of the property will cause it to suffer continuing loss on its account and subject it to a breach of contract suit for failure to deliver a deed to the property pursuant to an executed sales agreement. As previously noted, the Debtor's continued existence as an entity will be jeopardized and its reorganization effort will be rendered futile if the injunction does not issue and the property is transferred to parties over which the Court has no power. The Court finds that there is a greater interest to be protected in affording the Debtor an opportunity to recover the property and effect a reorganization which may

promise a more complete payment to its creditors.

To gain the injunctive relief, Biltmore must ultimately prove that there is a probability it will succeed on the merits of its Complaint. This standard does not require that a movant prove that it is likely to succeed by greater than 50% on its claim. *Dataphase*, 640 F.2d at 113. The Court finds that Biltmore has met this standard in the present instance. Biltmore's claim is based on section 548 of the Bankruptcy Code and equivalent state statutes. The recent decision, *In re Hulm*, 738 F.2d 323 (8th Cir.1984), supports the merits of the request in this instance. Biltmore has offered evidence that in May of 1983 there was substantial equity in the property. As of this date, Metropolitan has offered no documentary or testimonial evidence to cast a doubt upon the figures which the Debtor has outlined. As a consequence, the Debtor's proof shows a possibility it may succeed on the merits of its Complaint.

This Court must finally weigh the public interest to be protected when determining whether an injunction should issue. It is this Court's view that the public interest is best served by allowing Biltmore an opportunity to rehabilitate its business. If the injunction were not issued, Biltmore's present adversary proceeding would be rendered fruitless for reorganization purposes. The Court is able to give Biltmore this opportunity without conflicting with state redemption statutes. While this injunction avoids the argued conflict between the *Johnson* and *Hulm* decisions, it affords Biltmore a measure of relief which insures it an adequate remedy in the event the Debtor succeeds with the merits of its pending action.

Accordingly, and for the reasons stated,

IT IS ORDERED:

That the Defendant, Metropolitan Federal Bank, is prohibited from disposing by any means its interest in real estate located at 3700 Main Avenue, Fargo, North Dakota, at any time prior to ten (10) days follow-

ing entry of a final order in the pending adversary proceeding (Adversary No. 84–7157).